UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Henry H. Howe,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Steven Gilpin, et al.,<br><br>　　　　　　　Defendants. | **STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR TAXATION OF COSTS**<br><br>Case No. 3:20-cv-00013 |

Pursuant to Civil Local Rule 54.1, State Defendants Steve Gilpin and Scott Kraft ("State Defendants") hereby submit this reply in response to Howe's objection to taxation of costs.

Howe's sole objection to the State Defendants' request is to the amount of $1,748.75 that was incurred in obtaining Howe's medical records. Howe describes the request for medical records as a "generalized" one and relies upon a single case where a court disallowed a plaintiff's claim for certain medical records because she had "not explained why these medical records were necessary for use in the case[.]" Jensen v. Lawler, 338 F. Supp. 2d 739, 748 (S.D. Tex. 2004).

Here, in contrast, the State Defendants submitted a verified statement of costs, signed by counsel, explaining that the costs of obtaining medical records were necessarily incurred in defending against Howe's claims. See ECF 124-1. This statement was made in compliance with Local Rule 54.1. In addition, the State Defendants cited the statutory authority for the recovery of the medical record costs in both their verified statement and their motion. See id. (citing 28 U.S.C. § 1920(4)); ECF 124 (same). A verified statement by counsel as to necessity should be a sufficient showing that medical records were necessarily obtained in the case. See, e.g., Faerber v. BP Expl. & Prod. Inc., No. 1:20-CV-328-LG-RPM, 2021 WL 4228893, at *2 (S.D. Miss. Sept. 9, 2021) (awarding costs for copies of medical records where the defendant "included a sworn declaration that the foregoing costs were necessarily

incurred"); see also Thompson v. Wal–Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006) ("A prevailing party is presumptively entitled to recover all of its costs.") (quoting In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005)).

In addition, Jensen involved a plaintiff who sought costs for medical records in a case where she prevailed only as to her maritime claim for maintenance and cure, but not as to her negligence claim against a shipowner, and the shipowner asserted "that the vast majority of her costs were spent prosecuting the [unsuccessful] liability claims and not her [successful] cure claim." Jensen, 338 F. Supp. 2d at 744. Thus, it makes sense that the court would insist on a better explanation as to whether the medical records were necessarily obtained for the prevailing claim rather than the losing one. Here, the State Defendants prevailed on all of Howe's claims.

In this case, Howe sought $3 million in compensatory damages and another $3 million in punitive damages for alleged emotional distress. By alleging emotional distress, Howe put his medical condition in issue and triggered the need to obtain his medical records to defend against that damage claim. See, e.g., Faerber, 2021 WL 4228893, at *2 (indicating, in awarding costs, that medical records are relevant "when a plaintiff's complaint makes allegations regarding personal injuries"); see also Gaspari v. FMC Techs., Inc., No. H-13-2353, 2016 WL 2659593, at *2 (S.D. Tex. May 5, 2016), report and recommendation adopted, No. 4:13-CV-2353, 2016 WL 6909277 (S.D. Tex. June 7, 2016) ("Because Plaintiffs put their medical/mental states at issue with their emotional distress claims, costs incurred by Defendant to obtain their medical records are recoverable."); Hernandez v. Wilsonart Int'l, Inc., No. 2:09-cv-747-FtM-36SPC, 2011 WL 7092657, at *5 (M.D. Fla. Dec. 30, 2011), report and recommendation adopted sub nom. Hernandez v. Wilsonart Int'l, Inc., No. 2:09-CV-747-FtM-36SPC, 2012 WL 220265 (M.D. Fla. Jan. 25, 2012) (concluding, in a claim involving emotional distress, that "it was entirely

appropriate for Defendant to obtain Plaintiff's medical records to ascertain whether any health-related factors caused or contributed to the emotional distress that Plaintiff allegedly suffered"); Ham v. McFadden, No. 4:15–CV–00372–RBH, 2016 WL 7034058, at *3 (D.S.C. Dec. 2, 2016) (concluding prevailing defendant may recover under 28 U.S.C. § 1920 for costs incurred in obtaining medical records where plaintiff claimed to have suffered medical and/or emotional injuries).

This federal district court has previously awarded costs as a matter of course to a prevailing party for obtaining medical records. See Montgomery v. MeritCare Hosp., No. 3:08-cv-1, 2009 WL 10707310, at *1–2 (D.N.D. Oct. 8, 2009). Indeed, courts around the country routinely and uniformly determine that "medical records of a plaintiff in a personal injury case [are] necessary in preparation of a defendant's case" and thus award those costs. Johnson v. Cumberland Gulf Grp. of Cos., No. 6:17-cv-788-Orl-41KRS, 2019 WL 11502526, at *7 (M.D. Fla. Jan. 23, 2019), report and recommendation adopted, No. 6:17-cv-788-Orl-41KRS, 2019 WL 11502470 (M.D. Fla. Feb. 12, 2019) (citing Cardona v. Mason & Dixon Lines, Inc., No. 16-22704-CIV O'SULLIVAN, 2018 WL 369160, at *6-7 (S.D. Fla. Jan. 10, 2018)); see also Prouty v. Thippanna, 552 F. Supp. 3d 45, 49 (D. Mass. 2021) ("While the medical records are voluminous, plaintiff's health prior to her admission at Life Care Centers of Auburn (where the alleged malpractice occurred), during her treatment by Defendants at that facility, and her recovery and subsequent health were all at issue in this case, and so maintaining all 26,176 pages of Plaintiff's medical records was reasonably necessary to the action."); Sterling v. Carnival Corp. & PLC, No. 1:21-cv-20198-KMM, 2022 WL 845132, at *1 (S.D. Fla. Mar. 22, 2022) report and recommendation adopted, Sterling v. Carnival Corp. & PLC, No: 1:21-cv-2019-KMM, 2022 WL 845132 (S.D. Fla. Mar. 22, 2022) (awarding costs for copies of medical records because "the records were relevant to Plaintiff's claim of injury"); Cannon v.

3

Wal-Mart Assocs., Inc., No. 5:19-CV-373-D, 2021 WL 6051379, at *1 (E.D.N.C. Dec. 21, 2021) (same); Robinson v. Requejo, No. 20-CV-61067-RUIZ/STRAUSS, 2021 WL 5534873, at *2 (S.D. Fla. Oct. 20, 2021), report and recommendation adopted, No. 20-CV-61067-RAR, 2021 WL 5514607 (S.D. Fla. Nov. 24, 2021) (same); Easterwood v. Carnival Corp., No. 19-cv-22932-BLOOM/Louis, 2021 WL 3473184, at *6 (S.D. Fla. Aug. 6, 2021) (same); Faulconer v. Centra Health Inc., No. 6:17-cv-00023, 2020 WL 3423480, at *2 (W.D. Va. June 1, 2020), report and recommendation adopted, No. 6:17-cv-00023, 2020 WL 3422195 (W.D. Va. June 22, 2020) (same); Streed v. Neuharth, No. 12-CV-1340 (PJS/JJG), 2014 WL 2195081, at *2 (D. Minn. May 27, 2014) (same).

## CONCLUSION

Howe has not overcome the presumption that State Defendants are entitled to recover *all* of their taxable costs, which include the costs of obtaining Howe's medical records to defend against his damage claim. The Court should therefore award the State Defendants the full amount of costs as originally requested, in the amount of $4,703.10.

Dated this 28th day of April, 2022.

        State of North Dakota
        Drew H. Wrigley
        Attorney General

        By:    /s/ James E. Nicolai
                James E. Nicolai
                Deputy Solicitor General
                State Bar ID No. 04789
                Office of Attorney General
                500 North 9th Street
                Bismarck, ND 58501-4509
                Telephone (701) 328-3640
                Facsimile (701) 328-4300
                Email jnicolai@nd.gov

Attorneys for State Defendants.