FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

Henry H. Howe,

    Plaintiff,                                              Civil No. 3:20-CV-00013

vs.

Steven Gilpin, Delicia Glaze,
Scott Kraft, and Barbara Whelan,

    Defendants.

**SUR-REPLY MEMORANDUM OF PLAINTIFF HENRY H. HOWE
IN OPPOSITION TO CLAIMS FOR CERTAIN COSTS BY
DEFENDANTS DELICIA GLAZE, BARBARA L.
WHELAN, STEVEN GILPIN AND SCOTT KRAFT**

In the **reply briefing** motions [**Doc. 130** and **Doc. 131**] which accompanies their two separate purportedly made pursuant to Civil Local Rule 54.1 and 28 U.S.C. § 1920, the four of the defendants in the above-captioned 42 U.S.C. § 1983 civil rights action misapprehend applicable precedent as they seek Court-ordered taxation of costs against plaintiff Henry H. Howe following the Court's entry of summary judgment in its "Order Granting Defendants' Motions for Summary Judgment" [**Doc. 122**] filed on March 28, 2022.

    **A. The defendants mistakenly rely upon two decisions of the Eighth Circuit which have been implicitly superseded by later United States Supreme Court precedent.**

In their respective reply briefing, both sets of defendants in this case cite the same two Eighth Circuit decisions[1] for the now-superseded principle that, "**(a) prevailing party is presumptively entitled to recover all of its costs**." (*bold, underlined emphasis added*). See,

---

[1] Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006), citing In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005).

1

"State Defendants' Reply in Support of Motion for Taxation of Costs" [**Doc. 130**], at page 2, and "Defendants Delicia Glaze and Barbara L. Whelan's Reply in Support of Motion for Taxation of Costs and Disbursements" [**Doc. 131**], at pages 5-6.

However, in contrast to the Eighth Circuit's holdings in Thompson and In re Derailment Cases, the United States Supreme Court construed the applicable statute of 28 U.S.C. § 1920 in the following markedly distinct manner in Kouichi Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 572-573 (2012):

> (w)e have never held that Rule 54(d) creates a presumption of statutory construction in favor of the broadest possible reading of the costs enumerated in §1920. To the contrary, we have made clear that the "discretion granted by Rule 54(d) is not a power to evade" the specific categories of costs set forth by Congress. Crawford Fitting, 482 U.S., at 442, 107 S. Ct. 2494, 96 L. Ed. 2d 385. "Rather," we have said, "it is solely a power to decline to tax, as costs, the items enumerated in §1920." *Ibid.* Rule 54(d) thus provides no sound basis for casting aside the ordinary meaning of the various items enumerated in the costs statute, including the ordinary meaning of "interpreter."
>
> Our decision is in keeping with the narrow scope of taxable costs. "Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant." 10 C. *Wright, A. Miller, & M. Kane*, *Federal Practice and Procedure* § 2666, pp. 202-203 (3d ed. 1998) (hereinafter Wright & Miller). Taxable costs are limited to relatively minor, incidental expenses as is evident from §1920, which lists such items as clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts. Indeed, "the assessment of costs most often is merely a clerical matter that can be done by the court clerk." Hairline Creations, Inc. v. Kefalas, 664 F.2d 652, 656 (CA7 1981). Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators. It comes as little surprise, therefore, that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." 10 Wright & Miller § 2666, at 203. Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in §1920. (*underlined emphasis added*).

566 U.S. at 572-573

In a later decision by a federal district court in this circuit relying upon the Supreme Court's decision in Kouichi Taniguchi v. Kan Pac. Saipan, Ltd., *supra*, the district court explained as

2

follows in United States ex. rel. Estate of Donegan v. Anesthesia Associates of Kansas City, P.C., 2017 U.S. Dist. LEXIS 100569, *3 & **5-7 (W.D. Mo. January 12, 2017)

> **The court's power to tax costs under § 1920 is limited to the items enumerated in the statute**. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 132 S. Ct. 1997, 2006, 182 L. Ed. 2d 903 (2012). "Costs" are construed narrowly under the statute. The Supreme Court has cautioned that for **"[a]lthough 'costs' has an everyday meaning synonymous with 'expenses,'" taxable costs "are a fraction of the nontaxable expenses borne by litigants** attorneys, experts, consultants, and investigators." *Id.* . . . . . .
>
> Costs of copying or exemplification under § 1920 are construed narrowly. *See Taniguchi*, 132 S. Ct. at 2006 (**construing "costs" narrowly**) . . . . .
>
> As for Relator's remaining objections, **the burden is on the party seeking to recover costs to show that the items and amounts sought are compensable**. *Combs*, 2015 U.S. Dist. LEXIS 114187, 2015 WL 5096009, at *1. The Court holds **Defendant has not carried its burden here, and Relator's objection to these items is sustained**.
>
> **While other courts have exercised their discretion to award such costs in the past, these costs are not compensable post-*Taniguchi***. They are not copying or exemplification costs, and so are not recoverable under § 1920. *Taniguchi*, 132 S. Ct. at 2006; *Kirk v. Schaeffler Group USA, Inc.*, 3:13-cv-5032-DGK, 2016 U.S. Dist. LEXIS 188524, 2016 WL 6023696, at *6 (W.D. Mo. July 26, 2016).(*underlined emphasis added*).

2017 U.S. Dist. LEXIS 100569 at *3 & **5-7

This latter decision illustrates the extent to which the Supreme Court's decision in Kouichi Taniguchi v. Kan Pac. Saipan, Ltd., *supra*, substantially narrowed the scope of the operative statute of 28 U.S.C. § 1920 in its reach over those litigation "expenses" which may be properly claimed by a prevailing party as "taxable costs".

Accordingly, pre-Kouichi cases such as the above-referenced tandem of Eighth Circuit decisions in Thompson v. Wal-Mart Stores, Inc., *supra*, and In re Derailment Cases, *supra*, construing 28 U.S.C. § 1920 are not properly relied upon by Courts – and the defendants' reliance upon these now-suspect authorities should be rejected in the instant case.

A further distinction was delineated by the federal district court in Gaspari v. FMC Techs, Inc., 2016 U.S. Dist. LEXIS 60367, *5 (S.D. Tex. May 6, 2016), where that court explained:

3

**As it is the prevailing party's burden to establish that the costs sought are recoverable under § 1920**, *see Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) ("**once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case**"), these costs . . . . . **will be disallowed**. (*bold, underlined emphasis added*).

2016 U.S. Dist. LEXIS 60367 at *5

The instant case was truncated by the Court's entry of summary judgment in its "Order Granting Defendants' Motions for Summary Judgment" [**Doc. 122**] filed on March 28, 2022.

It is beyond dispute that none of the issues raised by the defendants in their summary judgment motions -- and no part of the Court's summary judgment decision upon those motions – involved any aspect of plaintiff Henry H. Howe's medical condition.

In that sense, the costs of medical records obtained by the defendants were indeed, "costs necessarily incurred in the case rather than just spent in preparation and litigation of the case." Gaspari v. FMC Techs, Inc., *supra*, 2016 U.S. Dist. LEXIS 60367 at *5.

As the "State Defendants" merely ask for taxation as costs "Henry Howe's medical records used in discovery", this generalized description simply fails to meet the burden of specificity of description which is required by 28 U.S.C. § 1920(4) – particularly when it is considered that these defendants bear the burden of demonstrating that their claimed "taxable costs" properly fall within the contours of 28 U.S.C. § 1920

. In consequence, this element of costs claimed by the "State Defendants" in the amount of **$1,748.75** must be disallowed by the Court, thereby causing **the amount of costs properly taxed against plaintiff Henry H. Howe in favor of the "State Defendants" must be reduced to the amount of $2,954.35.**

For those reasons which have been set here relative to the "State Defendants' generalized claim for costs to be taxed against the plaintiff for the cost of obtaining the plaintiff's medical

4

records[2] -- particularly given the summary judgment adjudication of this case, wherein the plaintiff's medical condition was neither raised by the defendants – nor made a basis of the Court's summary judgment decision -- it is respectfully submitted that the Glaze/Whelan defendants have failed to sufficiently describe, "why these records were necessary for use in the case", and that as such, the Glaze/Whelan defendants, "have not met (their) burden" under 28 U.S.C. § 1920(3) or 28 U.S.C. § 1920(4), and these costs must be disallowed.

On the basis of the foregoing, it is respectfully submitted by the plaintiff that **he Glaze/Whelan defendants' request for costs taxed against the plaintiff in the aggregate amount of $7,385.55 should be reduced by the sum of $3,736.20, making the total permissible amount of properly taxed costs against plaintiff Henry H. Howe by the Glaze/Whelan defendants in the sum of $3,736.35**.

Finally, where the costs of the above-referenced deposition transcripts are among the defendants' claimed "taxable costs", the costs claimed by the Glaze/Whelan defendants for taxation against plaintiff Henry H. Howe for videographer services is not permitted under 28 U.S.C. §1920(2) and must be disallowed.

The Glaze/Whelan defendants also seek taxation as costs against the plaintiff the sum of $730.27 for videographer services associated with the plaintiff Henry H. Howe's deposition which took place on June 11, 2021. [**Doc. 125-2**] at page 1 of 5. This element of claimed costs by the Glaze/Whelan defendants is not permitted by 28 U.S.C. § 1920(2) and must be disallowed by the Court.

---

[2] The Glaze/Whelan defendants seek taxation as costs against plaintiff Henry H. Howe the sum of $774.08 for "fees for copies of Plaintiff's medical records" from Sanford Health [**Doc. 125-2**] at page 3 of 5. The Glaze/Whelan defendants also seek taxation as costs against plaintiff Henry H. Howe the sum of $143.75 for "fees for copies of Plaintiff's medical records" from Northwood Deaconess HC [**Doc. 125-2**] at page 3 of 5.

5

The United States District Court for the District of Minnesota set forth sound reasoning as to why videographer services are not "taxable costs" under 28 U.S.C. § 1920(2) in Anderson v. Rugged Races LLC, 2021 U.S. Dist. LEXIS 44319, 2021 WL 913161, **9-10 (D. Minn. March 10, 2021), where that court stated as follows:

> Defendants do not explain why both transcripts and videos were "necessary to prepare for the expert's trial testimony." *Id.* A transcript is all that an attorney needs to prepare for trial. Defendants' speculation that some of the experts might not be available for trial is "insufficient to show that" the video costs "were reasonably necessary." Smith-Bunge v. Wis. Cent., Ltd., No. 15-CV-4383 (DSD/LIB), 2018 U.S. Dist. LEXIS 95963, 2018 WL 2926497, at *2 (D. Minn. June 7, 2018) (declining to tax costs for video deposition based on defendant's vague assertion that plaintiff might not be able to testify at trial due to health issues); *see also* Yousefzadeh v. Hill-Rom Co., No. 17-CV-5501 (SRN/TNL), 2020 U.S. Dist. LEXIS 78891, 2020 WL 2175373, at *2 (D. Minn. May 5, 2020) (declining to tax cost of video because defendants could have had "someone read the deposition testimony into the record" if the witness was not available for trial*).(footnote omitted)*. Therefore, the Court concludes that the videos of the depositions of Anderson's experts were not necessarily obtained and declines to tax the corresponding $4,567.50 in fees.

2021 U.S. Dist. LEXIS 44319, 2021 WL 913161 at **9-10

Dated this 29th day of April, 2022,

**DAVID C. THOMPSON, P.C.**

*/s/ David Clark Thompson*
David Clark Thompson (ND No. 03921)
Attorney at Law
Grand Forks, ND 58206-5235
(701) 775-7012 (telephone)
dct@rrv.net (electronic mail)

**COUNSEL FOR PLAINTIFF HENRY H. HOWE**